UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

STEPHEN ALAN DAVIDSON and )
KELLY W. DAVIDSON, )
 )
    Plaintiffs, )
 )
vs. ) Civil Action No. CV-98-S-729-NW
 )
NAVISTAR INTERNATIONAL )
TRANSPORTATION CORPORATION, )
f/k/a INTERNATIONAL )
CORPORATION COMPANY; )
DEMPSTER EQUIPMENT COMPANY; )
DEMPSTER EQUIPMENT SALES, INC., )
 )
    Defendants. )
 )

ENTERED
JUN 10 1998

## MEMORANDUM OPINION

Plaintiffs filed this action in the Circuit Court of Colbert County, Alabama, on September 5, 1997, asserting claims against Navistar International Transportation Corporation, formerly known as "International Corporation Company," and Dempster Equipment Sales, Inc., for injuries sustained by plaintiff Stephen Alan Davidson on September 5, 1995, while operating an allegedly defective "refuse truck" designed, manufactured, sold, or distributed by defendants to Davidson's employer, BFI Industries. Davidson seeks compensatory and punitive damages for: breach of the Alabama Extended Manufacturer's Liability Doctrine (Count One); negligent and/or wanton design, manufacture, distribution, sale, modification, alteration, or repair of the truck in which he was injured (Count Two); failure to warn operators of the truck's unreasonably dangerous defects (Count Three); breach of express and

13

implied warranties (Count Four); and, negligent and/or wanton service, installation, maintenance, modification or repair of the motor vehicle (Count Five). His wife, Kelly W. Davidson, seeks damages for her loss of consortium (Count Six). The Davidsons' complaint was amended on September 15, 1997, to add Dempster Equipment Company as a defendant.[1]

A notice of removal first was filed in this court on October 14, 1997, by Navistar International Transportation Corp.[2] By order entered February 24, 1998, however, this court sua *sponte* remanded the action for defendants' failure to establish the requisite amount in controversy for purposes of diversity jurisdiction.

This action again is before the court, following defendants' second notice of removal.

Six motions currently are pending: plaintiffs' motion to remand to state court; plaintiffs' motion to strike affidavit submitted in support of removal; plaintiff's motion for leave to amend complaint in the event remand is denied; Navistar's motion to compel production of documents from non-party; plaintiff's motion to quash subpoena issued to non-party; and, Navistar's motion for protective order.[3]

---

[1] According to state court records, this defendant was served on September 18, 1997.

[2] According to state court records, Navistar was served on September 11, 1997, and Dempster Equipment Sales was served on September 12, 1997.

[3] Navistar filed two documents in the Birmingham, Alabama clerk's office at 4:23 p.m. on May 22, 1998: a "response to plaintiffs' motion to quash subpoena and defendant's motion for protective order regarding same" (Doc. No. 10); and,

2

## I. PLAINTIFFS' MOTIONS TO STRIKE AND REMAND

Navistar's second notice of removal is based upon events subsequent to this court's February 24, 1998 order of remand. Navistar relies upon a deposition taken in another case currently pending before this court: *Wilson v. Navistar International Corp., et al.*, CV-98-S-0729-NW. That case involves the same general facts, but involves claims by entirely different plaintiffs who, undoubtedly, suffered entirely different injuries. Navistar contends that Jeffrey Edward Wilson admitted on deposition that his claims were worth more than $75,000. In support of that contention, Navistar submits the affidavit of "De" Martenson, the attorney who deposed Wilson. That evidence is not persuasive. The testimony of Jeffrey Edward Wilson regarding damages in his related, but separate action is not relevant to Stephen Alan Davidson's claims for damages in this case. Accordingly, this court will grant plaintiffs' motion to strike Martenson's affidavit, to the extent it attempts to establish the amount in controversy in this action by reference to the deposition of Jeffrey Edward Wilson taken in another case.

That ruling does not end the inquiry into plaintiffs' motion to remand, however. Although this action previously has been

---

a "response to plaintiff's motion to remand." (Doc. No. 9.) This court's notice of motion docket required that any documents in support of, or in opposition to, any pending motion be delivered to this court's office in Huntsville, Alabama by the close of business on May 22, 1998. Thus, this court will not consider Navistar's response to the motion to quash subpoena, or its response to the motion to remand. The motion for protective order will be considered with the motion to quash subpoena, and motion to compel.

remanded to state court, Navistar is not thereby precluded from seeking a second removal.

> As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal on the same ground. <u>The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists</u> (i.e., federal question or diversity jurisdiction), <u>but rather the pleading or event that made the case removable</u>.

S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996)(footnote omitted)(emphasis supplied). That result flows from 28 U.S.C. § 1446, which provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> <u>If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable</u>, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action. [Emphasis supplied.]

Navistar now relies upon a motion to intervene and proposed complaint in intervention filed in state court by Stephen Alan Davidson's employer, BFI Waste Systems of North America, Inc., on March 24, 1998. The proposed complaint in intervention asserts a workers' compensation lien in the amount of $243,515.83.

4

(Defendant's Second Notice of removal exhibit A.) Navistar's second notice of removal thus relies upon a different event: *i.e.*, the first removal was based solely on plaintiffs' initial pleading, while the second removal is based on the filing of BFI's motion to intervene.

BFI's motion to intervene and attached complaint in intervention constitute "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Navistar filed its notice of removal within 30 days of its receipt of those pleadings. Accordingly, this court finds removal was proper, and plaintiffs' motion to remand is due to be denied.[4]

## II. MOTION TO COMPEL, MOTION TO QUASH, AND MOTION FOR PROTECTIVE ORDER

Plaintiff Stephen Alan Davidson claims he "was caused and will be caused in the future to suffer great physical pain <u>and mental anguish</u> as a result of his injuries." (Complaint ¶ 4(e)(emphasis supplied).) Thus, Navistar seeks to compel production of psychiatric records from Dr. Jack G. Modell,[5] who has treated Davidson since the accident. Navistar claims "[t]he psychiatric records of Davidson's treating physicians are not only discoverable

---

[4] Plaintiff also argues that Navistar waived its right to remove by engaging in discovery after remand to the state court. This court is not persuaded by that argument. Navistar had no alternative but to go forward in state court following remand. This court thus declines to accept plaintiffs' waiver argument.

[5] The record does not disclose whether Dr. Modell is a psychiatrist, psychologist, or other form of mental health provider.

5

but critical to the preparation of the defense of this case." (Motion to compel ¶ 3.)

Stephen Alan Davidson moves to quash the subpoena served upon Dr. Modell. Davidson relies upon the psychotherapist-patient privilege of Alabama Code § 34-26-2.[6] Federal Rule of Evidence 501 governs determinations of privilege in United States District Courts:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. *However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.* [Emphasis supplied.]

In other words, in a diversity case such as this one, where a United States District Court is *Erie* bound,[7] the privilege shall be determined in accordance with state law.

---

[6]Alabama Code § 34-26-2 provides:

For the purpose of this chapter, the confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological technicians and their clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.

[7]*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

6

Even so, the statutory provision relied upon by Davidson, Alabama Code § 34-26-2, no longer represents "state law" on the issue of the psychotherapist-patient privilege. As the preeminent authority on Alabama evidence law has noted, that statute has been superseded by the Alabama Rules of Evidence, which became effective on January 1, 1996.[8]

> Alabama statutory law has long contained a psychotherapist-patient privilege. This statute began by including only a licensed psychologist but was later amended to include psychiatrists. <u>This statutory privilege has now been superseded</u> by [Rule 503 of the Alabama Rules of Evidence.] ....

II Charles W. Gamble, *McElroy's Alabama Evidence* § 414.01(1) at 1679 (5th ed. 1996)(emphasis supplied; footnote omitted). Rule 503 provides in relevant part:

> **(b) General Rule of Privilege**. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family.

Ala. R. Evid. 503(b). Invocation of that privilege is not without cost to the plaintiff, however, as Professor Gamble notes:

> A number of tort claims involve the recovery of damages for injuries of a mental or emotional nature. No exception [to Rule 503] exists under which, after filing and pursuing such an action, the claimant/patient's opponent may discover or offer the claimant's

---

[8] Ala. R. Evid. 1103 ("these rules shall apply if the proceeding begins on or after January 1, 1996").

7

psychological records or depose the claimant's psychotherapist. *When such a claimant successfully claims the privilege, however, the opponent is allowed to comment to the jury upon assertion of the privilege as being inconsistent with claiming mental and emotional injuries.*

II Gamble, *McElroy's Alabama Evidence* § 414.01(7)(f) at 1686 (emphasis supplied)(5th ed. 1996). That result is dictated by Alabama Rule of Evidence 512A,[9] which provides in relevant part:

> **(a) Comment or Inference Permitted.** In a civil action or proceeding, a party's claim of a privilege, whether in the present action or proceeding or upon a prior occasion, is a proper subject of comment by judge or counsel. An appropriate inference may be drawn from the claim.

*Id.* Accordingly, this court will uphold Davidson's claim of the privilege, but will permit defense counsel, at the trial of this action, to comment upon Mr. Davidson's invocation of the privilege to shroud his psychotherapist's opinions and records, and, upon the obvious inconsistency of that act with an allegedly credible claim of mental pain, anguish, and suffering.

Further, it must be noted that, even though there are no exceptions to Rule 503 of the Alabama Rules of Evidence, "[t]he privilege may be waived by the patient's calling as a witness and

---

[9] *See also, Ex parte* United Service Stations, Inc., 628 So.2d 501, 506 (Houston, J. concurring):
  If [plaintiff] continues to seek damages for mental pain and anguish and to insist on her psychotherapist-patient privilege of confidentiality (Ala.Code 1975, § 34-26-2), the trial court, in this civil case, should permit the defendant to argue to the jury the inconsistency in the plaintiff's claiming such damages while insisting on the privilege (Colquitt, Alabama Law of Evidence § 513, at 193 (1990)); and there is a presumption that the jury will do its job as finder of the facts.

8

questioning the psychotherapist regarding communications between them." II Gamble, *McElroy's Alabama Evidence* § 414.01(8) at 1686. Navistar is thus entitled to full discovery regarding any witness who Stephen Alan Davidson intends to call to testify about his alleged mental anguish. Plaintiffs accordingly are forewarned they should not play "fast and loose" with this court's decision to uphold Mr. Davidson's claim of privilege: this court will reopen discovery if plaintiffs conveniently disclose witnesses on the issue of mental anguish after the discovery cut-off date established by this court's scheduling order.

Navistar's motion for protective order requests that this court prevent "Plaintiff, Plaintiff's attorneys and witnesses from offering any evidence whatsoever related to or concerning the medical treatment and medical records about which Plaintiff is seeking this privilege." (Motion for protective order at 2.) This court appreciates Navistar's concern, but finds that it is adequately protected by the right to full discovery from any witness who will testify on Davidson's claims for mental anguish; the right to comment to the jury on Davidson's assertion of privilege; and, the possibility of waiver of the privilege.

In conclusion, this court finds that plaintiff's motion to quash is due to be granted, and Navistar's motion to compel and motion for protective order are due to be denied.

9

### III. MOTION FOR LEAVE TO AMEND

Plaintiffs also seek leave to amend their complaint to add "Wasteequip, Inc." and "Glass & Associates" as defendants to this action. Plaintiffs base that motion on a corporate history of Dempster Equipment company which indicates that "Wasteequip, Inc." purchased Dempster Equipment Company in or about 1989. (Motion to amend exhibit D.) The history also demonstrates that "Glass & Associates" acted as "interim management" of the company from November 1994 through October 1995. (*Id.*)

Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. <u>Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.</u> A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. [emphasis supplied.]

No defendant has interposed an objection to the proposed amendment, and this court accordingly finds the motion is due to be granted.

### IV. CONCLUSION

For the foregoing reasons, this court concludes plaintiffs' motion to strike is due to be granted in part, and the motion to remand is due to be denied. Plaintiffs' motion to quash subpoena

10

is due to be granted, and Navistar's motion to compel and motion for protective order are due to be denied. Plaintiffs' motion for leave to amend complaint is due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the _10th_ day of June, 1998.

_____
United States District Judge